IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY L. DESROSIERS, | Civil Action |
| Petitioner, | No. 17-5785 (RBK) |
| v. | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | OPINION |
| Respondents. | |

**KUGLER, District Judge:**

Petitioner Gary L. Desrosiers ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Presently pending before the Court is Petitioner's motion for a stay and abeyance of his habeas petition. For the reasons set forth below, the Court will deny Petitioner's motion and dismiss the petition without prejudice for failure to exhaust state court remedies.

### I.  BACKGROUND

In January 2008, Petitioner was convicted by a jury of two counts of second-degree sexual assault, N.J. Stat. Ann. § 2C:14–2(b) (counts one and two); three counts of second-degree endangering the welfare of a child, N.J. Stat. Ann. § 2C:24–4(a) (counts three, nine, and thirteen); four counts of first-degree aggravated sexual assault, N.J. Stat. Ann. § 2C:14–2(a)(2)(a) and (c) (counts four, five, six, and ten); and four counts of third-degree aggravated criminal sexual contact, N.J. Stat. Ann. § 2C:14–3(a) (counts seven, eight, eleven, and twelve) in the Superior Court of New Jersey, Law Division, Burlington County. (*See* ECF No. 1 at p. 2). On January 9, 2009,

Petitioner was sentenced to forty-five years of incarceration. (*See id.*). Petitioner filed a notice of appeal, and the Superior Court of New Jersey, Appellate Division, affirmed his conviction. *See State v. G.L.D.*, No. A-4122-08, 2011 WL 2341080 (N.J. Super. Ct. App. Div. June 8, 2011). He then filed a petition for certification, which the New Jersey Supreme Court denied on March 9, 2012. *See State v. G.L.D.*, 209 N.J. 596 (N.J. Sup. Ct. 2012). Petitioner did not petition for certiorari to the United States Supreme Court.

On March 21, 2012, Petitioner filed his first post-conviction relief ("PCR") petition, which the Law Division denied on November 13, 2013. (*See* ECF No. 1 at p. 22). Petitioner filed an appeal, which the Appellate Division denied on March 18, 2016. *See State v. G.L.D.*, No. A-1740-13, 2016 WL 1064400 (N.J. Super. Ct. App. Div. Mar. 18, 2016). Petitioner sought certification from the New Jersey Supreme Court, which denied his application on February 1, 2017. *See State v. G.L.D.*, 229 N.J. 15 (N.J. Sup. Ct. 2017).

On April 10, 2017, Petitioner filed a second PCR petition, arguing that his first PCR counsel was ineffective for failing to raise the claim that trial counsel was ineffective for failing to challenge the amended indictment. (*See* ECF No. 1 at p. 18). Petitioner claims that he sent his first PCR counsel a supplemental pro se brief raising this issue and that PCR counsel advised him against filing the supplemental brief. (*See* ECF No. 4-2 at pp. 3-4). Petitioner's second PCR petition is currently pending before the Law Division and counsel has been assigned to represent him. (*See id.* at p. 4; ECF No. 1 at p. 18).

On August 7, 2017, Petitioner filed a pro se habeas petition pursuant to 28 U.S.C. § 2254 in this Court. The Petition raises the following claims: (1) insufficient evidence to support his convictions; (2) ineffective assistance of trial counsel; (3) violation of Petitioner's constitutional rights due to the State's amendment of the indictment; and (4) violation of Petitioner's

constitutional rights due to the PCR court's limitation of his evidentiary hearing. (*See* ECF No. 1 at pp. 7-19). Petitioner indicates in the Petition that all state remedies have not been exhausted on ground three as his second PCR petition is currently pending before the Law Division. (*See id.* at p. 18). Petitioner now moves to stay the Petition because he has not exhausted his state-court remedies with respect to claim three. (*See* ECF No. 4-2 at pp. 1-5).

## II. DISCUSSION

### A. Motion for a Stay and Abeyance

In certain, limited circumstances, a district court may stay a habeas petition and hold it in abeyance while a petitioner returns to state court to exhaust any previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005) ("Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."); *see also Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("Where the timeliness of a habeas corpus petition is at issue, 28 U.S.C. § 2244(d)(1), a District Court has the discretion to stay a mixed habeas petition to allow complete exhaustion in state court."). The Supreme Court has "cautioned that '[s]tay and abeyance, if employed too frequently, has the potential to undermine' the purposes of ... (AEDPA): reducing delays in the execution of sentences, encouraging petitioners to seek collateral state court relief in the first instance, and giving petitioners an incentive to exhaust all their claims in state court prior to filing their federal petition." *Grundy v. Pennsylvania*, 248 F. App'x 448, 451 (3d Cir. 2007) (quoting *Rhines*, 544 U.S. at 277). Therefore, a stay "'should be available only in limited circumstances.'" *Ellison v. Rogers*, 484 F.3d 658, 662 (3d Cir. 2007) (quoting *Rhines*, 544 U.S. at 277).

Before granting a stay, the district court must examine whether good cause exists for the petitioner's failure to exhaust all claims in state court, whether the unexhausted claims are

potentially meritorious, and whether the petitioner is employing the litigation simply as means of delay. *See Rhines*, 544 U.S. at 277; *Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013). "Good cause" typically requires a showing that requiring exhaustion will result in a prisoner's petition being time-barred under 28 U.S.C. § 2244. *See Heleva v. Brooks*, 581 F.3d at 187, 192 (3d Cir. 2009).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). Generally, that limitations period runs from the date on which the judgment became final by the conclusion of direct review, or the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Additionally, a properly filed PCR petition will normally statutorily toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2). A state PCR petition is "properly filed" as required to toll the AEDPA statute of limitations when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Here, Petitioner cannot satisfy the "good cause" requirement of the *Rhines* test as timeliness concerns with respect to AEDPA's one-year limitations period do not appear to be implicated. Petitioner was sentenced on January 9, 2009, filed a timely direct appeal, and requested certification from the New Jersey Supreme Court. (*See* ECF No. 1 at p. 22). The New Jersey Supreme Court denied certification on March 9, 2012. (*See id.*). Thus, Petitioner's conviction would not have become final—and the AEDPA statute of limitations would not being to run—until the conclusion of the ninety-day period for filing a petition for writ of certiorari in

4

the United States Supreme Court. *See Gonzalez,* 132 S. Ct. at 653-54. However, on March 21, 2012, before the conclusion of the ninety-day period, Petitioner filed his first PCR petition. (*See* ECF No. 1 at p. 22). The PCR petition tolled the AEDPA statute of limitations until January 27, 2017, when the New Jersey Supreme Court denied certification. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). On April 10, 2017, Petitioner filed his second PCR petition, which is still pending. (*See* ECF No. 1 at p. 22). Because the second PCR petition was filed within one year of the denial of the first PCR petition and ineffective assistance of PCR counsel is being alleged, it appears to be timely filed under New Jersey law and will toll the AEDPA limitations period. *See* N.J. Ct. R. 3:22-12(a)(2)(C); 28 U.S.C. § 2244(d)(2).

Based on this timeline, approximately two months ran from Petitioner's federal habeas one-year limitations period. As such, Petitioner cannot show that a stay is necessary, because after his second PCR concludes, he has ample time to refile his federal habeas petition. *See Rullan v. State of New Jersey*, No. 16-2332, 2016 WL 4033950, at *4 (D.N.J. July 26, 2016) (denying stay of habeas petition where timeliness concerns under AEDPA were not implicated). Accordingly, the Court denies Petitioner's motion to stay.

**B. Screening of the Habeas Petition**

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). Habeas Rule 4 requires a judge to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C.

§ 2254 Rule 4; *see Mayle v. Felix*, 545 U.S. 644, 655 (2005). Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *see also Harrison v. Schultz*, 285 F. App'x 887, 889 (3d Cir. 2008) ("A District Court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief.") (citing 28 U.S.C § 2243); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (permitting dismissal where "none of the grounds alleged in the petition would entitle [Petitioner] to relief").

AEDPA prohibits a district court from granting habeas relief under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state remedies, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002) (citing *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002)). This requirement ensures that state courts "have 'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'" *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).

A claim is "fairly presented" when it has been presented at all available levels of the state judicial system. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982); *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012). State remedies are not deemed exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Stevens*, 295 F.3d at 369. Moreover, the exhaustion doctrine is a "total" exhaustion rule; that is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims [('mixed' petitions)]." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Here, Petitioner concedes that not all of his claims have been exhausted in state court. (*See* ECF No. 1 at p. 18). Petitioner has only recently filed his second PCR petition and no decision has been rendered by the Law Division. (*See id.*). Accordingly, Petitioner filed a "mixed" petition, which is subject to dismissal for failure to exhaust under 28 U.S.C. § 2254(b)(1).

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c).

### IV. CONCLUSION

For the reasons set forth above, Petitioner's motion for stay and abeyance shall be denied and the Petition will be dismissed without prejudice as unexhausted. No certificate of appealability will issue. An appropriate order follows.

    s/Robert B. Kugler
ROBERT B. KUGLER
Dated: June 13, 2018    United States District Judge